[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Elizabeth O. Miller, executrix of the estate of Frank Miller III (Frank Miller) brought this action against the town of Westport claiming that the denial of certain zoning variances with respect to her undeveloped parcel of land (the lot) constitutes an inverse condemnation[1] in violation of the Fifth Amendment of the United States Constitution, and article first, § 11, of the Connecticut constitution.
The following is a summary of the pertinent facts: The plaintiff, at the time of this inverse condemnation action owned the lot, which was purchased by her husband, Frank Miller, in 1980 for one dollar from Buddy B., Inc. When the plaintiff attempted to sell the lot in 1991, the Westport director of planning and zoning informed the prospective purchaser that the lot did not comply with the zoning regulations because it could not accommodate a 150 foot square shape according to the Westport Zoning Regulations §§ 12-3[2] and 31-2.1[3] (the minimum square foot provisions). In 1991, the plaintiff applied for a variance[4]
the minimum square foot provisions. The Westport Zoning Board of Appeals, (the ZBA) denied that variance application.[5] The lot has been accessed by an accessway across the adjacent property (the accessway). On February 22, 1995, the plaintiff applied for a variance of §§31-1.2[6] and 31-2.2[7] (the access provisions) to allow the accessway to be used by other lots. The ZBA denied that variance application. On November 3, 1998, Richard Montanero (Montanero), as agent for the plaintiff, applied for a variance of the minimum square foot provisions and access provisions, in order to use the lot for the construction of one single family residence. The ZBA denied that variance CT Page 4546 application without prejudice. On March 12, 1999, the plaintiff, along with Montanero, Frank Miller's agent and contract purchaser, appealed the denial of the preceding variance applications (the administrative appeal). See Miller v. Westport, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 170983. On November, 18, 1999 the plaintiff brought this inverse condemnation action. On April 23, 20001, the court, Mintz, J., granted the plaintiff's motion to consolidate the administrative appeal with this inverse condemnation action. Miller v. Westport, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 170983 (April 23, 2001, Mintz,J.). This consolidated case was tried to conclusion before the court, Hickey, J. on May 10, 11, and 17, 2001.
On November 20, 2001, the defendant's motion to reopen the proceedings to present new evidence was granted by the court, Hickey, J. Miller v.Westport, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 175518 (November 20, 2001, Hickey, J.). On December 3, 2001 a hearing was held to present new evidence and a deed establishing that on November 7, 2001, the lot was sold by the plaintiff for $475,000. (Defendant's Exh. 3.) On this same day, the court, Hickey,J., granted Montanero and the plaintiff's motion to withdraw the administrative appeal. Miller v. Westport, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 175518 (December 3, 20001, Hickey, J.).
Although the plaintiff along with Montanero withdrew the administrative appeal, this inverse condemnation action must still be decided. "The rationale for permitting an inverse condemnation claim without the prerequisite of an administrative appeal to the Superior Court is simply that the regulatory action that allegedly resulted in a taking has occurred upon the final decision of the initial decision maker, typically the zoning board of appeals. An administrative appeal from that decision may, if favorable to the property owner, render the alleged taking temporary, but it does not eliminate the taking. Nor can the administrative appeal provide the compensation that the inverse condemnation action seeks." Cumberland Farms, Inc. v. Town of Groton,247 Conn. 196, 210-11, 719 A.2d 465 (1998), on remand, Superior Court, judicial district of New London at New London, Docket No. 539192 (March 16, 1999, Martin, J.).
"[I]n an inverse condemnation action, a plaintiff alleges that a regulatory action constitutes a taking for constitutional purposes and seeks compensation for the alleged taking. An inverse condemnation action does not concern itself with the propriety of the [zoning board of appeal's] action. The only inquiry is whether a taking has, in fact, occurred. If the board's action resulted in a taking, the inverse CT Page 4547 condemnation action will determine the amount of compensation due." Id., 207-08.
In this case, the plaintiff argues that the denial of the plaintiff's variance applications constitutes a permanent and temporary taking of the lot. The plaintiff's action cannot be based on the permanent taking of the lot because she sold the lot and no longer has any interest in it. (Defendant's Exh. 3.)
Furthermore, the plaintiff's action cannot be supported by a temporary taking of the lot for the following reason. "Although action by the Superior Court favorable to the plaintiff in the plaintiff's administrative appeal might eliminate the plaintiff's claim of compensation for a complete taking, the plaintiff might nonetheless be entitled to compensation for the temporary taking that wrongly denied the plaintiff's use of its property while the appeal was pending." CumberlandFarms, Inc. v. Town of Groton, supra, 247 Conn. 196. "Temporary takings are defined by the United States Supreme Court as those regulatory takings which are ultimately invalidated by the courts." (Internal quotation marks omitted.) Id., n. 12, quoting, First English EvangelicalLutheran Church v. Los Angeles County, 482 U.S. 304, 310-11,107 S.Ct. 2378,96 L.Ed.2d 250 (1987). Here, Montanero and the plaintiff withdrew their administrative appeal. Therefore, the court never decided the administrative appeal in the plaintiff's favor nor did it invalidate the ZBA's denial of the plaintiff's variances in the administrative appeal. Consequently, the plaintiff's action cannot be based on the temporary taking of the lot.
For the foregoing reasons, the plaintiff's inverse condemnation must fail and judgment shall enter for the defendant based on the finding that there was not a permanent nor a temporary taking of the lot.
So Ordered.
____________________ HICKEY, J.T.R.